IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| LARRY JOHNSON, #115808, | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-11-TMH (WO) |
| THE ALABAMA BOARD OF PARDONS AND PAROLES, *et al.,* | * | |
| | * | |
| Defendants. | | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility, filed the above-captioned action on January 5, 2009, alleging therein violations of his constitutional rights during the parole consideration process. He names as defendants William Wynn, Steve McGill, and VeLinda Weatherly, members of the Alabama Board of Pardons and Paroles. Plaintiff seeks injunctive relief and monetary damages from Defendants.

Upon review of the complaint, as amended (*see Doc. Nos. 10, 12*), the court concludes that Plaintiff's request for monetary damages from the parole board members, all claims which occurred prior to January 5, 2007, and Plaintiff's claims against the Alabama Board of Pardons and Paroles are subject to dismissal in accordance with the provisions of

28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[1]

## I. DISCUSSION

*A.  The Claims for Monetary Damages Against Members of the Alabama Board of Pardons and Paroles.*

Plaintiff seeks monetary damages from Defendants Wynn, Weatherly, and McGill with respect to actions undertaken in the parole consideration process.  This Circuit has long recognized that parole board members are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole.  *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-02 (5th Cir. 1974).  The actions about which Plaintiff complains concern proceedings related to his consideration for release on parole.  Under these circumstances, the actions of the defendant parole board members are inextricably intertwined with their decision-making authority, and they are, therefore, absolutely immune from damages.  Thus, Plaintiff's claims for monetary damages against Defendants are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

*B.  Claims Barred by the Statute of Limitations.*

With respect to any claims for relief related to actions taken against Plaintiff prior to

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

January 5, 2007 the court finds that such claims are barred by the statute of limitations.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).

The statute of limitations applicable to actions filed under 42 U.S.C. § 1983 is two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

To the extent Plaintiff complains about events which occurred prior to January 5, 2007, such claims are subject to dismissal. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as amended).[2] Consequently, the tolling provision

---

[2]The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision.

provides Plaintiff no means of obtaining relief with respect to those claims presented in the instant complaint, as amended, which occurred prior to January 5, 2007.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

4

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed as he brings this action with respect to those claims involving matters which occurred prior to January 5, 2007 or more than two years after the violations about which he complains accrued . As previously determined, the statutory tolling provision is unavailing. Thus, the court concludes that Plaintiff's challenges to actions which occurred prior to January 5, 2007 are barred by the applicable statute of limitations and they are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

C. *The Alabama Board of Pardons and Paroles*

The Alabama Board of Pardons and Paroles is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Alabama Board of Pardons and Paroles are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims for monetary damages against Defendants Wynn, McGill, and Weatherly be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(iii);

2.  Plaintiff's claims arising from actions which occurred prior to January 5, 2007 be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

3.  Plaintiff claims against the Alabama Board of Pardons and Paroles  be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

4.  The Alabama Board of Pardons and Paroles be DISMISSED as a party to this cause of action; and

5.  Plaintiff's challenge to Defendants' decision to deny him parole and his request for injunctive relief, construed as a request for a new parole consideration hearing, be referred back to the undersigned for additional proceedings

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 10, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

6

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      Done this 24th day of February 2009.


                /s/ Wallace Capel, Jr.
                WALLACE CAPEL, JR.
                UNITED STATES MAGISTRATE JUDGE